# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ERIC TONSON, | ) | FILED: JULY 3, 2008 |
| | ) | 08CV3803 |
| Plaintiff, | ) No. | JUDGE MORAN |
| | ) | MAGISTRATE JUDGE COLE |
| vs. | ) Judge | YM |
| | ) Magistrate Judge | |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | |
| KEVIN FRY, Star 15329, | ) Jury Demand | |
| JAYSEN ORKOWSKI, Star 2831, and | ) | |
| MICHAEL SHRAKE, Star 15345, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2.      Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.      Plaintiff is a resident of Chicago, Illinois.

5.      On the date of the incident, August 23, 2007, Plaintiff was 17 years-old.

6.      Defendant-Officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7.      The Defendant-Officers are sued in their individual capacities.

8.      Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

9.      On or about August 23, 2007, at about 10:30 p.m., Plaintiff was walking near Delano Elementary School in Chicago with his cousin Shaquan and Shaquan's friend Derius.

10.      It had been raining that day and Plaintiff was wearing a rain coat.

11.      Plaintiff did not have a gun or narcotics on his person.

12.      Plaintiff, Shaquan and Derius had just picked up a video game from Derius's home and were on their way to Shaquan's home.

13.      While walking, the Defendant-Officers pulled up in a Chicago police car and drove onto the sidewalk near Plaintiff, Shaquan, and Derius.

14.      The car hit Shaquan in the knee.

15.      The driver of the car exited the car with his gun drawn.

16.      Plaintiff became frightened and ran.

17.      The driver of the car chased after Plaintiff with his gun drawn.

18.      Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

19.      Plaintiff ran into the fenced-in schoolyard of Delano Elementary School.

20.      At this time, Defendant ORKOWSKI drove the police car to the northwest side of the schoolyard.

21.      Plaintiff ran into a dead end and stopped.

22.      The Defendant-Officers had Plaintiff surrounded in the schoolyard.

23.      Defendant ORKOWSKI was outside the fenced in schoolyard in the police car.

24.      Defendants SHRAKE and FRY repeatedly ordered Plaintiff to put his hands in the air.

25.      Plaintiff complied.

26.      Defendant ORKOWSKI exited the police car and ordered Plaintiff to get on the ground.

27.      The Defendant-Officers had their guns drawn and pointed at Plaintiff.

28.      Plaintiff complied with Defendant ORKOWSKI's order and began to get on the ground.

29.     As Plaintiff began going to the ground, one or more of the Defendant-Officers shot Plaintiff.

30.     Plaintiff was shot in the neck.

31.     Plaintiff immediately fell to the ground and began screaming in pain.

32.     Either Defendant SHRAKE or FRY approached Plaintiff and handcuffed him.

33.     An ambulance was called because of Plaintiff's injuries.

34.     An ambulance came and transported Plaintiff to Mt. Sinai Hospital.

35.     Defendants SHRAKE, FRY and ORKOWSKI, then conspired and acted together to cover up the excessive force and false arrest of Plaintiff.

36.     The Defendant-Officers falsely accused Plaintiff of engaging in conduct which justified the shooting.

37.     The Defendant-Officers falsely accused Plaintiff of dropping narcotics as he ran from the officers.

38.     Plaintiff was charged with possession of cocaine and heroin. The case was docketed in the Cook County Circuit Court as: People v. Eric Tonson, 071132580.

39.     On October 11, 2007, the charges were dismissed.

40.     Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

41.     As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses.

42.     Defendant-Officers made out false and incomplete official reports and gave a false and incomplete version of the event to other police officers investigating the incident in order to cover up his own misconduct.

43.     Each individual Defendant-Officer personally participated in the unlawful conduct, and acted jointly and in concert with the other Defendants who participated or acquiesced in the unlawful conduct.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

44.     Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

45.     Defendant-Officers stopped and seized Plaintiff.

3

46.     Defendant-Officers did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff was about to commit a crime or had committed a crime.

47.     The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.


## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

48.     Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

49.     Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.


## COUNT III
### (42 U.S.C. § 1983 – Civil Conspiracy)

50.     Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

51.     Defendant-Officers SHRAKE, FRY and ORKOWSKI knowingly and intentionally schemed and worked together in a common plan to justify the excessive force used against Plaintiff.

52.     Defendants SHRAKE, FRY and ORKOWSKI made out false and incomplete official reports and gave a false and incomplete version of the event to other police officers investigating the incident in order to cover up his own misconduct.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against Defendant-Officers,

b)  Award Plaintiff compensatory and punitive damages,

c)  Award attorneys' fees and costs, and

d)  Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (State Law Claim for Willful and Wanton Conduct)

53.  Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

54.  Defendant-Officers had a duty to not use excessive force against the Plaintiff.

55.  Defendant-Officers breached that duty.

56.  Defendant-Officers' breach exhibited a reckless disregard for the safety of others, including a failure to exercise ordinary care

57.  Defendant-Officers acted with actual intent to harm Plaintiff, or with a conscious disregard for the consequences while he knew the safety of others was involved.

58.  Defendant-Officers knew of the possible harm and danger to Plaintiff, and failed to exercise ordinary care to prevent the danger.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against Defendant-Officers,

b)  Award Plaintiff compensatory and punitive damages,

c)  Award costs, and

d)  Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law Claim for Malicious Prosecution)

59.  Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

60.  Defendant-Officers instituted charges against Plaintiff for possession of cocaine and heroin.

61.  There was not probable cause for such charges.

62.  The charges were terminated in a manner favorable to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against Defendant-Officers,

b)     Award Plaintiff compensatory and punitive damages,

c)     Award costs, and

d)     Award any further relief that this Honorable Court deems just and equitable.


## COUNT VI
### (State Law Claim for False Arrest)

63.     Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against Defendant-Officers,

b)     Award Plaintiff* compensatory and punitive damages,

c)     Award costs, and

d)     Award any further relief that this Honorable Court deems just and equitable.


## COUNT VII
### (State Law *Respondeat Superior* Claim)

64.     The acts of the Defendant-Officers described in the state law claims specified above were willful and wanton, and committed in the scope of employment.

65.     Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.


## COUNT VIII
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

66.     The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

67.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the  Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595